IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-159-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| JAMES EUGENE JOHNSON, | ) |
| Defendant. | ) |

On August 11, 2020, James Eugene Johnson ("Johnson") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a memorandum and records in support [D.E. 55]. On September 22, 2020, Johnson's counsel filed a memorandum and an exhibit in support [D.E. 56, 57]. On October 6, 2020, the government responded in opposition [D.E. 60]. As explained below, the court denies Johnson's motion for compassionate release.

I.

On July 14, 2017, pursuant to a written plea agreement, Johnson pleaded guilty to being a felon in possession of a firearm. See [D.E. 20, 22]. On January 9, 2018, the court held Johnson's sentencing hearing. See [D.E. 40]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 42] 1; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Johnson's total offense level to be 27, his criminal history category to be VI, and his advisory guideline range to be 120 months' imprisonment. See [D.E. 42] 1. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18

U.S.C. § 3553(a), the court sentenced Johnson to 72 months' imprisonment. See [D.E. 39, 41, 42]. Johnson did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020);

---

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Johnson contends that he exhausted his administrative remedies. See [D.E. 55-1]; [D.E. 56] 2. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Johnson's claim on the merits.

Johnson seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Johnson cites the COVID-19 pandemic, his hypertension, and his status as a former smoker. See [D.E. 55] 3–7; [D.E. 56] 1, 4–6; [D.E. 57]. Johnson also cites the conditions at FCI Edgefield, his education, his conduct while incarcerated, his rehabilitation efforts, that he has served two-thirds of his federal sentence, and his release plan. See [D.E. 55] 3–5, 7; [D.E. 56] 4–9.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Johnson states that he suffers from hypertension and is a former smoker, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Johnson serves his sentence. Accordingly, reducing Johnson's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, the conditions at FCI Edgefield, and Johnson's health conditions are

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, having reviewed the entire record, the section 3553(a) factors counsel against reducing Johnson's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Johnson is 40 years old and engaged in serious criminal behavior in September 2016. See PSR [D.E. 34] ¶¶ 6–7. On September 17, 2016, law enforcement officers discovered Johnson unconscious in the driver's seat of a vehicle rolling backwards in a parking lot in Fayetteville, North Carolina. See id. Officers removed Johnson from the vehicle, noted the odor of alcohol, and detained Johnson for driving while impaired. See id. When officers searched Johnson's car, they found a stolen .45 caliber handgun, two dosage units of cocaine, .37 grams of marijuana, 15 dosage units of Xanax, .37 grams of cocaine, and 61 dosage units of Oxycodone. See id. When Johnson possessed the stolen .45 caliber handgun, Johnson was a convicted felon and had served a lengthy sentence in state custody for being a felon in possession of a firearm, from which he learned nothing. See id. ¶ 26.

Johnson is a recidivist's recidivist with convictions for carrying a concealed firearm; possession of cocaine; possession of less than 20 grams of marijuana; battery (two counts); sell, manufacture, deliver, or possess with intent to sell, manufacture, or deliver a controlled substance; possession of a weapon by a convicted felon–firearm or concealed weapon; drinking beer or wine while driving; possession with intent to manufacture, sell, or deliver a schedule II controlled substance; lewd and lascivious behavior–victim age 12 to 16; careless and reckless driving;

6

possession of an open container; possession with intent to manufacture, sell, or deliver cocaine; possession with intent to manufacture, sell, or deliver marijuana (two counts); maintaining a vehicle, dwelling, or place for controlled substances (two counts); driving while impaired; possession of cocaine; resisting a public officer; possessing, selling or buying a firearm with an altered serial number; possession of drug paraphernalia; driving while license revoked; and possession of firearm by a felon. See id. ¶¶ 12–26. Johnson also has performed poorly on supervision and has a sporadic work history. See id. ¶¶ 12–13, 15–16, 42–55. Nonetheless, Johnson has taken some positive steps while incarcerated on his federal sentence. See [D.E. 55] 3–5; [D.E. 56] 7–9.

The court has considered Johnson's exposure to COVID-19, the conditions at FCI Edgefield, his health conditions, his education, his conduct while incarcerated, his rehabilitation efforts, that he has served two-thirds of his federal sentence, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Johnson, the section 3553(a) factors, Johnson's arguments, the government's persuasive response, and the need to punish Johnson for his serious criminal behavior, to incapacitate Johnson, to promote respect for the law, to deter others, and to protect society, the court declines to grant Johnson's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

II.

In sum, the court DENIES Johnson's motion for compassionate release [D.E. 55].

7

SO ORDERED. This 25 day of March 2021.

                                                        JAMES C. DEVER III
                                                        United States District Judge